533 F.2d 184
 The ROMAN CATHOLIC CHURCH OF the ARCHDIOCESE OF NEW ORLEANS
and the Diocese of the Protestant Episcopal Church
in Louisiana, Plaintiffs-Appellants,
v.
NEW ORLEANS LAKE SHORE LAND COMPANY, in Receivership,
Defendant-Appellee.
 No. 75-2218.
 United States Court of Appeals,
Fifth Circuit.
 June 9, 1976.
 
 Otto B. Schoenfeld, New Orleans, La., for Roman Catholic Church.
 Joseph V. Bologna, New Orleans, La., for Protestant Episcopal.
 David Stone, New Orleans, La., for defendant-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before RIVES, GOLDBERG and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 A federal equity receivership was appointed in 1918 to sell the assets of the New Orleans Lake Shore Land Company and to pay off its creditors. That having been accomplished, the receivership was discharged in 1930. In 1966, a surveyor asserted that due to a faulty map valuable land actually belonging to the land company had never been collected and disbursed. He brought a receivership action in state court on behalf of creditors and shareholders of the dormant land company. The Archdiocese of the Catholic Church and the Diocese of the Episcopal Church were among the many adverse claimants to the land in question. They attempted to defend by asserting exclusive federal jurisdiction to administer any holdings of the land company, even though the federal equity receivership had been dismissed 45 years earlier. The state court refused the defendants' motion to remove to federal court. Next the federal district court dismissed defendants' request that it restrain the state court's receiver from taking any additional steps. This appeal was brought from the dismissal of defendants' complaint.
 
 
 2
 We agree with the district court's holding that the discharge of the federal receivership in 1930 was final. Appellants claim that the federal equity receivership was similar to a bankruptcy proceeding and therefore the federal court's jurisdiction should be reopened to the exclusion of state court jurisdiction over the newly discovered assets. We cannot agree. The earlier proceeding was clearly an equity receivership and not a bankruptcy proceeding. Because the discharge of the receiver in 1930 was final, the federal court has no continuing jurisdiction, and we may not interfere with a pending state proceeding.
 
 
 3
 AFFIRMED.